AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>QUIANNA CAMPBELL<br><br>Defendant(s) | ) ) ) ) ) ) ) Case No. |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 26, 2018 & in 2016-2018  in the county of  Hamilton  in the  Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1001<br>26 U.S.C. Section 7206(1) | (1) Knowingly and willfully making a false, fictitious or fraudulent statement to a federal agent pertaining to a matter within the jurisdiction of the United States, and (2) Willfully making or subscribing a Form 1040 U.S. Individual Income Tax Return which contains a declaration that it is made under the penalties of perjury and which the declarant does not believe to be true and correct as to every material matter |

This criminal complaint is based on these facts:
See Attachment

☑ Continued on the attached sheet.

_____
Complainant's signature

Chad A. Adolph, Special Agent, IRSCI
Printed name and title

Sworn to before me and signed in my presence.

Date: February 14, 2020

_____
Judge's signature

City and state: Cincinnati, Ohio

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Chad A. Adolph, a Special Agent with the United States Treasury Department Internal Revenue Service, Criminal Investigation (IRSCI) hereinafter referred to as the affiant, being duly sworn, depose and state as follows:

### I. INTRODUCTION

1. I am and have been a Special Agent (SA) with the United States Treasury Department, Internal Revenue Service, Criminal Investigation. I have been employed by the United States Treasury Department for nearly twenty years. I received training in accounting, financial, and money laundering investigative techniques at the Federal Law Enforcement Training Center. I have also attended multiple seminars on money laundering and other financial schemes. My duties as a special agent include investigating potential criminal violations of Title 26 (Internal Revenue Code), Title 18 (money laundering and related specified unlawful activities such as narcotics trafficking, wire fraud, and public corruption) and Title 31 (Bank Secrecy Act) of the United States Code. I have participated on public corruption and drug trafficking task forces. I am currently assigned to Organized Crime Drug Enforcement Task Force investigations. As a Special Agent, I have personally written many search and seizure warrant affidavits and conducted numerous criminal financial investigations as well as public corruption investigations along with agents from other agencies and Task Force Officers (TFOs) from other departments.

2. This affidavit is made in support of a criminal complaint for QUIANNA CAMPBELL for violation of 18 U.S.C. § 1001 (False Statement) and 26 U.S.C. § 7206(1) (False Return). Your affiant is aware that whoever knowingly and willfully makes a materially false, fictitious or fraudulent statement to a federal agent pertaining to a matter within the jurisdiction of the United States has violated 18 U.S.C. § 1001. Furthermore, your affiant knows that whoever willfully makes and subscribes a Form 1040 U.S. Individual Income Tax Return which contains a

declaration that it is made under penalties of perjury and which she does not believe to be true and correct as to every material matter has violated 26 U.S.C. § 7206(1).

3. Because of my personal observations and participation in this investigation and information provided to me by other officers and TFOs, I am familiar with facts and circumstances of this investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge of this matter.

## II.  PROBABLE CAUSE

### BACKGROUND OF INVESTIGATION

4. The Cincinnati Police Department (CPD) and the United States Treasury Department IRSCI along with other federal, state and local partners have been investigating narcotics trafficking activities of criminal enterprises and violent street gangs operating in Southern Ohio through a variety of OCDETF investigations. Information obtained during these investigations identified alleged money laundering organizations (MLO) operating as nightclubs supporting and facilitating drug trafficking organizations (DTO) wherein drug proceeds are being used to pay popular entertainers to perform at various nightclubs to generate revenue which would appear to be legitimate, reportable income.

5. Together with the Cincinnati Police Department (CPD), the United States Treasury Department IRSCI launched an investigation which is ongoing into money laundering and other crimes allegedly committed by MLOs and/or those associated with those nightclubs. During the course of this investigation, information was received that individuals associated with nightclubs had been or were currently being warned of police activities and were in essence being tipped off and possibly protected by members of the Cincinnati Police Department. It was discovered during the ongoing investigation that the identity of an Officer of the Cincinnati Police Department who had been working in an undercover capacity was divulged to a subject of the undercover investigation.

2

6. CPD and the United States Treasury IRSCI began investigating QUIANNA CAMPBELL (CAMPBELL) for various criminal offenses including those related to financial benefits received by CAMPBELL as a result of her employment with CPD. CAMPBELL has been with the Cincinnati Police Department for eleven years as a Police Officer.

7. On November 26, 2018, your affiant and CPD TFO Colin Vaughn interviewed CAMPBELL after CAMPBELL was advised of her non-custodial constitutional rights and the nature of the criminal investigation. During the interview, CAMPBELL stated her telephone number was 513-276-9352. During the interview, CAMPBELL was asked if an owner of a nightclub had ever contacted CAMPBELL via text message asking whether an individual was an officer with the Cincinnati Police Department to which CAMPBELL stated that did not occur. CAMPBELL was then asked if CAMPBELL ever told the same club owner via text message that an individual that the club owner was inquiring about was a police officer to which CAMPBELL stated she had not. CAMPBELL stated that she would never tell or confirm with anyone that an individual was a police officer because if they were working in an undercover capacity it would put them in danger.

8. On January 26, 2015, an owner of a nightclub in Cincinnati sent a text message to CAMPBELL via 513-276-9352 asking who an individual was and if the individual was an undercover (officer). CAMPBELL responded to the inquiry stating, "She's an officer……" The club owner and CAMPBELL discussed the possible reasons CPD investigated the nightclub and CAMPBELL told the club owner, "They work random nights and go into different bars. If they came back again next weekend I would say yes."

9. During the interview on November 26, 2018, CAMPBELL told your affiant that CAMPBELL had not reported cash income on her federal tax returns that she earned working off duty details. CAMPBELL stated that she knew she should have reported the income at the time she prepared and submitted her federal income tax returns. CAMPBELL told your affiant the

3

reason she did not report the cash income she earned was because if she had reported the income she would not have received as large of tax refunds she received from the federal government.

10. Your affiant is aware that CPD permits Cincinnati Police Officers to work off-duty, police related details (details). CPD tracks the number of hours officers work details throughout the year. You affiant obtained those records. Until the calendar year of 2016 the detail rate paid to a police officer was at least $32.00 per hour. For the calendar year of 2017, the detail rate paid to a police officer was at least $40.00 per hour. Your affiant obtained the detail records for CAMPBELL which included the number of detail hours CAMPBELL worked each year for the years 2015, 2016 and 2017. Using the number of detail hours worked each year and the hourly rate paid for the details your affiant determined the amount of gross income earned by CAMPBELL working details for the years 2015, 2016, 2017.

11. Your affiant reviewed the 2015 Form 1040 U.S. Individual Income Tax Return filed by CAMPBELL. Based upon records provided by CPD, CAMPBELL was paid $17,632 in 2015 working details in addition to wages paid by CPD. CAMPBELL omitted the off-duty detail income from her 2015 Form 1040 U.S. Individual Income Tax Return thus underreported her total income earned and filed a false tax return with the United States Internal Revenue Service.

12. Your affiant reviewed the 2016 Form 1040 U.S. Individual Income Tax Return filed by CAMPBELL. Based upon records provided by CPD, CAMPBELL was paid $21,176 in 2016 working details in addition to wages paid by CPD. CAMPBELL reported only $2,944 in off duty detail income omitting $18,232 from her 2016 Form 1040 U.S. Individual Income Tax Return thus underreported her total income earned and filed a false tax return with the United States Internal Revenue Service.

13. Your affiant reviewed the 2017 Form 1040 U.S. Individual Income Tax Return filed by CAMPBELL. Based upon records provided by CPD, CAMPBELL was paid $24,510 in 2017 working details in addition to wages paid by CPD. CAMPBELL reported only $260 of the off-

duty detail income and omitted $24,250 from her 2017 Form 1040 U.S. Individual Income Tax Return thus underreported her total income earned and filed a false tax return with the United States Internal Revenue Service.

14. Based upon your affiant's participation in this investigation, your affiant respectfully submits the aforementioned facts provide probable cause to find that CAMPBELL is in violation of 18 U.S.C. § 1001 for providing false statements to federal agents of the United States and 26 U.S.C. § 7206(1) willfully making and subscribing returns and documents which CAMPBELL knew to be false to the United States.

15. I hereby declare that the foregoing is true and correct to the best of my knowledge and belief, pursuant to the investigation conducted on this case.

_____
Chad A. Adolph
Special Agent
United States Treasury, IRSCI

Subscribed and sworn before me this 14 day of February, 2020 in Cincinnati, Ohio.

_____
Honorable Karen L. Likovitz
United States Magistrate Judge
Southern District of Ohio

5